IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARCUS VAN WILLIAMSON,

Plaintiff,

v. Case No. 1:26-cv-01010-JDB-jay

DEPARTMENT OF THE NAVY, *et al.*,

Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO REVISE ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM

In an order entered October 14, 2026, this Court, upon a de novo review, adopted the report and recommendation ("R&R") of United States Magistrate Judge Jon A. York recommending that Defendants' motion for partial dismissal of Plaintiff's complaint be granted. (Docket Entry ("D.E.") 31.) Two days later, on October 16, 2026, Williamson filed a motion for revision of the Court's interlocutory order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule ("LR") 7.3(b)(3) (D.E. 32), to which the Defendants have responded, opposing the relief sought[1] (D.E. 36). Also before the undersigned is Plaintiff's November 12, 2026, motion to file a supplemental memorandum in support of his motion to revise. (D.E. 38.)

---

[1]Defendants' response to the motion to revise was originally due on October 30, 2026. On October 22, 2026, Defendants moved for a one-week extension of time—to November 6—in which to file their response. (D.E. 34.) In a certificate of consultation included in the motion, Defendants advised that they conferred with the Plaintiff by email and were informed that Williamson "will oppose the requested extension of Defendants' deadline to respond to his motion to reconsider." (*Id.* at PageID 785.) Based on Defendants' statement, the Court allowed Plaintiff the amount of time provided for in the local rules and the Federal Rules of Civil Procedure to respond to the request. However, no response objecting to the extension has been filed and the time for doing so has expired. "Failure to respond timely to [a] motion . . . may be deemed good

Rule 54(b) provides that an order "that adjudicates fewer than all the claims" in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this district, Rule 54(b) motions must comply with LR 7.3. *Bullwinkel v. U.S. Dep't of Energy*, 899 F. Supp. 2d 712, 732 (W.D. Tenn. 2012). The local rule states that

> [a] motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b). The local rule prohibits a party seeking revision from repeating any "written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." LR 7.3(c). Stated differently, subsection (c) forbids a party from "simply repeat[ing] arguments previously presented and considered by the Court in making its initial ruling." *Curran v. Fronabarger*, No. 23-1064-STA-jay, 2024 WL 919845, at *2 (W.D. Tenn. Mar. 4, 2024). Motions to reconsider interlocutory orders should be used "sparingly and in rare circumstances." *In re Energy Conversion Devices, Inc.*, 654 B.R. 462, 465 (E.D. Mich. 2023) (quoting *McDonald v. City of Memphis*, No. 12-2511, 2013 WL 3753628, at *1 (W.D. Tenn. July 15, 2013)).

Citing LR 7.3(b)(3), Plaintiff asserts that the Court adopted Judge York's statute of limitations determination while failing to consider the application of the Sixth Circuit's decision

---

grounds for granting the motion." LR 7.2(a)(2). Absent opposition, Defendants' request for an extension of time is GRANTED. Accordingly, their response filed November 3, 2026, will be considered timely filed.

in *Davis v. United States*, 589 F.3d 861 (6th Cir. 2009). Movant also insists that the undersigned failed to take into account what he describes as the magistrate judge's "materially incorrect characterization" of his claims under the Administrative Procedure Act. (D.E. 32 at PageID 767.) However, these arguments are merely a rehash of issues already presented in Williamson's objections to the R&R and considered by the Court. The motion is therefore DENIED.

In light of the Court's ruling, the motion for leave to file a supplemental memorandum is DENIED as moot.

IT IS SO ORDERED this 17th day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE